**CHAMBERS COPY**

**KRALIK & JACOBS LLP**
LOIS M. JACOBS, NO. 106537
email: lois.jacobs@kralikjacobs.com
ANASTASIA E. BESSEY, NO. 232289
email: anastasia.bessey@kralikjacobs.com
35 North Lake Avenue, Suite 620
Pasadena, California 91101
Telephone: (626) 844-3505
Facsimile: (626) 844-7643

**NOTE CHANGES MADE BY THE COURT**

Attorneys for Plaintiff FEDERAL DEPOSIT
INSURANCE CORPORATION, as Receiver of
IndyMac Bank, F.S.B.

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER OF INDYMAC BANK, F.S.B.<br><br>Plaintiff,<br><br>vs.<br><br>M&M APPRAISALS, a California entity form unknown, JUSTICE APPRAISALS, a California entity form unknown, B&G APPRAISAL SERVICES, a California entity form unknown, A BLAKELEY APPRAISAL SERVICES, a California entity form unknown, MARK WILLIAMS, an individual, MICHAEL DALTON, an individual, JESSICA STATER, an individual, ANTHONY BLAKELEY, an individual, BURNADETTE L. COFFMAN, an individual, LAURA L. STRAABERG, an individual, DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No.: CV-09-3678 JFW (AGRx)<br><br>(The Hon. John F. Walter)<br><br>[~~PROPOSED~~] PROTECTVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION |

NOTE CHANGES MADE BY THE COURT

NOTE CHANGES MADE BY THE COURT

-1-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

1    The Court, having reviewed the Stipulation Regarding [Proposed] Protective
2  Order for Confidential Documents and Information (the "Stipulation") by and
3  among Plaintiff Federal Deposit Insurance Corporation as Receiver of IndyMac
4  Bank, F.S.B. ("FDIC"), on the one hand, and Defendants M&M Appraisals
5  ("M&M") and Marc Williams ("Williams") (collectively, "Defendants"), on the
6  other hand, and good cause appearing therefor,
7    IT IS HEREBY ORDERED that the following provisions shall control the
8  disclosure, dissemination and use of documents, things and information furnished
9  in this Action:
10
11    1.    **Definitions.**
12        a. The term "Action" shall mean the above-entitled legal action,
13          including any appellate proceedings and proceedings in connection
14          with any remand.
15        b. The term "Party," whether used in the singular or plural, means (i)
16          Federal Deposit Insurance Corporation, as Receiver of IndyMac Bank,
17          F.S.B., its predecessors and successors in interest, officers, directors,
18          agents, servants and employees, accountants, attorneys and
19          investigators, and anyone else acting on its behalf or under its control;
20          (ii) Defendant M&M Appraisals, its predecessors and successors in
21          interest, officers, directors, agents, servants and employees,
22          accountants, attorneys and investigators, and anyone else acting on its
23          behalf or under its control; and (iii) Defendant Marc Williams, his
24          predecessors and succesors in interest, officers, directors, agents,
25          servants and employees, accountants, attorneys and investigators, and
26          anyone else acting on his behalf or under his control; and (iv) any
27          other Person, as that term is defined herein, who may hereafter appear
28

-2-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

1   or be substituted or joined or who otherwise becomes a named litigant

2   in this Action.

3       c.  The term "Document" shall mean a writing, as defined by Federal

4   Rules of Evidence §1001, and includes the original or a copy of the

5   handwritten, typewritten, draft, printed, Photostat, photograph, and

6   every other means of recording upon any tangible thing any form of

7   communication or representation, including without limitation,

8   appraisals, letters, electronic mail messages ("email"), other electronic

9   files and representations including source code, words, pictures,

10   sounds, or symbols, or combinations thereof, publications contracts,

11   agreements, insurance policies, minutes, offers, analysis, studies,

12   books, papers, records, reports, calendars, diaries, statements,

13   complaints, filings with a court or tribunal or governmental agency,

14   corporate minutes, ledgers, transcripts, summaries, agendas, work

15   orders, repair orders, bills, invoices, receipts, estimates, evaluations,

16   personnel files, diplomas, certificates, instruction manuals, bulletins,

17   advertisements, periodicals, accounting records, checks, check stubs,

18   check registers, cancelled checks, money orders, negotiable

19   instruments, sound recordings, films, mechanical or electronic

20   recordings, tapes, transcriptions, blueprints, computer programs, data

21   and data processing cards and whether produced pursuant to

22   document request, subpoena, by agreement, or otherwise.

23       d.  The term "Person" shall mean a natural person, firm, association,

24   organization, corporation, partnership, unincorporated association,

25   trust, governmental agency or body and all other entities of any kind.

26       e.  The terms "Confidential Document" and "Confidential Information,"

27   whether used in the singular or plural, mean any Document or

28

-3-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

1   information of a Party, or their parents, subsidiaries or affiliates, or

2   any third party, which has been so designated in accordance with this

3   Protective Order.

4       f.  The term "Termination of this Action" means the final termination of

5   this Action by any means, including, without limitation, settlement,

6   final judgment or voluntary dismissal.  In the event an appeal is taken

7   from any judgment or order entered in this Action, the "Termination

8   of This Action" shall not occur until all appellate proceedings have

9   been finally concluded, as well as any proceedings in connection with

10   any remand.

11       g.  The "Designating Party" is the Party who produces Documents or

12   other information and/or marks or otherwise designates such

13   Documents or other information as "Confidential" pursuant to this

14   Protective Order.

15       h.  The "Receiving Party" is the Party who receives the Confidential

16   Documents or Confidential Information.

17     2.    **Application of Order.**  This Protective Order shall be applicable to

18   and shall govern the production and exchange of all Documents, answers to

19   interrogatories, depositions, responses to requests for admissions, exhibits, and all

20   other discoverable information under the Federal Rules of Civil Procedure, as well

21   as testimony adduced at hearings, matters in evidence and all other information

22   exchanged or furnished in this Action by the Parties and/or Persons subject to

23   discovery, subpoena or other process or Court order in this Action.

24     3.    **Designation of Confidential Information.**  A Party may designate as

25   "Confidential" any Document, response to discovery or testimony that the Party

26   considers in good faith to contain information involving confidential, proprietary

27   or private information subject to protection under California or Federal law,

28

-4-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

1   including without limitation the Gramm-Leach-Bliley Act. Such designation shall
2   be made as follows:

3   a. To designate a Document as a Confidential Document, the
4     Designating Party shall stamp or inscribe the legend
5     "CONFIDENTIAL" on the relevant page or as otherwise set forth
6     below. Where a document consists of more than one page, the first
7     page and each page on which confidential material appears shall be so
8     designated.

9   b. To designate one or more answers to interrogatories, or a similar
10     written response, as containing Confidential Information, the
11     Designating Party shall submit those answers to interrogatories in a
12     separate document bearing on the cover page thereof the legend
13     "CONFIDENTIAL MATERIAL SUBJECT TO COURT
14     PROTECTIVE ORDER";

15   c. To designate testimony as revealing the contents of Confidential
16     Documents or containing Confidential Information, the Designating
17     Party shall advise the reporter (a) at the deposition or (b) on or before
18     30 days after the transcript is received. With respect to testimony so
19     designated at the deposition, the reporter shall separately transcribe
20     the portions of the testimony so designated and shall mark the face of
21     the transcript with the legend "CONFIDENTIAL MATERIAL
22     SUBJECT TO COURT PROTECTIVE ORDER." A Party or Person
23     wishing to designate any portion of a transcript confidential after its
24     preparation shall notify the reporter and the Parties in writing within
25     30 days after receipt of the transcript of those portions of the transcript
26     to be so designated, and the reporter shall prepare and distribute a
27     second transcript with the confidential portions of the testimony

28

-5-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

1    transcribed in a separate booklet bearing on its face the legend

2    "CONFIDENTIAL MATERIAL SUBJECT TO COURT

3    PROTECTIVE ORDER," with the cost of preparing the second

4    transcript being borne by the Party or Person making such

5    designation.  Any portions of a transcript so designated shall be

6    treated as Confidential Information from the time of such designation,

7    and upon receipt of such second transcript, the original and all copies

8    of the first transcript shall be destroyed.

9        4.    **Use of Confidential Information.**  All Confidential Documents or

10   Confidential Information produced or exchanged in the course of this Action (other

11   than information that is publicly available) shall be used by the Party or Parties to

12   whom the information is produced solely for the purpose of this Action and shall

13   not be disseminated or otherwise disclosed except as provided in, and subject to,

14   this Protective Order.  With the exception of those Persons enumerated in

15   Paragraph 5, below, no Confidential Document or Information may be disclosed to

16   any Person without the prior, written consent of the Designating Party, nor shall

17   the Parties, their counsel of record, their staff, technical consultants and/or experts

18   sell, offer, advertise, publicize or provide under any condition, Confidential

19   Documents or Information to the media, or any other Person who might exploit the

20   Confidential Documents or Information for economic or personal gain, or use

21   Confidential Documents or Information or disclose them to anyone, for any

22   purpose, not directly related to the prosecution or defense of this Action.  No notes,

23   lists, charts, transcriptions, memoranda, index or compilation prepared based

24   wholly or in part upon examination of Confidential Documents or Confidential

25   Information shall be disseminated to anyone not authorized to have access to

26   Confidential Documents or Confidential Information pursuant to this Protective

27   Order.

28

-6-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

5. **Persons Entitled to View Confidential Documents and Confidential Information.** Except upon prior order of the Court obtained upon notice to opposing counsel, Confidential Documents and Confidential Information shall not be disclosed to any Person other than the following Persons:

a. Counsel for the respective Parties to this Action that are signatories to the Stipulation; however, if that counsel is not a signatory to the Stipulation, that counsel is obligated to execute a copy of the Certification attached to this Protective Order before being shown or given any Confidential Information;

b. Employees of such counsel deemed necessary by counsel for the prosecution or defense of this Action;

c. Parties to this Action to the extent deemed necessary by counsel for the prosecution or defense of this Action, but only where such Party is bound by the terms of this Protective Order;

d. Representatives of the Parties' insurers to the extent deemed necessary by counsel for the prosecution or defense of this Action, and only where each representative with access to the Confidential Information is required to execute a copy of the Certification attached to this Protective Order before being shown or given any Confidential Information;

e. Consultants or expert witnesses retained for the prosecution or defense of this Action, provided that each such Person shall execute a copy of the Certification attached to this Protective Order before being shown or given any Confidential Information.

f. Any authors of the Document or information designated "Confidential";

g. The Court, its personnel, and Court Reporters;

-7-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION

h. Witnesses: A witness shall sign the Certification before being shown a Confidential Document. Confidential Information or Confidential Documents may be disclosed to a witness who will not sign the Certification only in a deposition at which the Designating Party is represented or has been given notice that the Confidential Document or Confidential Information produced by the Party may be used. At the request of any Party, the portion of the deposition transcript involving such Confidential Information or Confidential Document(s) shall be designated "Confidential" in accordance with the terms of this Protective Order. Witnesses shown Confidential Documents or Confidential Information shall not be allowed to retain copies;

i. Outside vendors who perform microfiching, photocopying, computer classification or similar clerical functions, but only for so long as necessary to perform those services; and

j. Court reporters and other persons engaged in preparing transcripts of testimony at hearings or depositions in this Action.

6. **Counsel to Retain Certifications.** Copies of all Certifications shall be retained by counsel for the Party disclosing the Confidential Documents or Information and shall be made available for inspection by opposing counsel during the pendency or after the Termination of the Action only upon good cause shown and upon order of the Court, provided, however, that in no event shall the disclosing Party be required to reveal information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other legally-recognized privilege of non-disclosure, including, but not limited to, the disclosure of the identity of the disclosing Party's expert consultants who have not been identified as expert witnesses in this Action. Before obtaining a Certification from a Person listed in Paragraph 5, above, Counsel disclosing Confidential Documents

-8-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION

1  and Information shall provide the Person to whom the Confidential Documents and

2  Information are given a copy of this Protective Order and shall explain that

3  Person's duty to follow the prohibitions and restrictions hereof.

4        7.    **Obligation Not to Reveal Confidential Information.** Any Party or

5  Person receiving Confidential Documents or Confidential Information shall not

6  reveal or discuss such Confidential Documents or Confidential Information with

7  any Person who is not entitled to receive such Confidential Documents or

8  Confidential Information, except as set forth in this Protective Order, and shall

9  maintain such Confidential Documents or Confidential Information in a secure

10  manner to ensure no unauthorized entry.

11        8.    **Legal Effect of Designation.** The designation by counsel for the

12  Designating Party of any Confidential Document or Confidential Information is

13  intended solely to facilitate the preparation and trial of this case, and neither such

14  designation nor treatment in conformity with such designation shall be construed in

15  any way as an admission or agreement by any Party that the designated Document

16  of Information constitutes or contains any confidential information. Failure to so

17  designate any Document or information shall not constitute a waiver of any Party's

18  claim in this or outside of this Action that such Documents or information contain

19  or constitute confidential, proprietary or private information. Except as provided

20  in this Protective Order, no Party shall be obligated to challenge the propriety of

21  any designation, and a failure to do so shall not preclude a subsequent attack on the

22  propriety of the designation.

23        9.    **Material Previously Produced.** To the extent that Documents or

24  other information has been produced prior to the execution and/or entry of this

25  Protective Order that the Party producing such Documents or information

26  reasonably believes to contain confidential, private or sensitive information that it

27  would have designated as a Confidential Document or Confidential Information

28

-9-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

1 pursuant to this Protective Order had it then been in effect, the following procedure

2 shall apply. Within thirty (30) days of the entry of this Protective Order, the Party

3 who produced the Documents or information shall give notice in writing to each

4 Party to whom the Documents or information was sent of their belief that such

5 Documents contain or comprise Confidential Documents or Confidential

6 Information and that the treatment of such Documents or information is to be

7 governed by this Protective Order. To the extent practicable, the Party giving

8 notice shall identify in the notice each Document it intends to designate as a

9 Confidential Document or as containing Confidential Information. Within

10 fourteen (14) days thereafter, the Party who produced the Documents or

11 information shall forward a properly designated copy of the Documents and other

12 information produced in accordance with this Protective Order. Within ten (10)

13 days of receipt of the properly designated copy of the Documents or information,

14 the Receiving Party shall return the initial, undesignated Documents or

15 information, to the Designating Party.

16       10. **Use of Designated Information in Applications and Motions.** For

17 applications and motions to the Court for which a party submits Confidential

18 Documents or Confidential Information and does not agree to stipulate to have the

19 records filed under seal pursuant to C.D. Cal. Local Rule 79-5, the submitting

20 Party must:

21         a. Give twenty-one (21) days' prior written notice to the Party or Person

22            that produced the Confidential Documents or Confidential

23            Information that Documents and information will be placed in the

24            public court file unless that party files a timely motion or application

25            to seal the records under Local Rule79-5.1; and

26

27

28

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     b.   Comply with all redaction and filing requirements imposed under Federal law, including without limitation Federal Rules of Civil Procedure 5.2 and C.D. Cal. Local Rule 79-5.4.

    11.   **Use of a Party's Own Confidential Information.** Any Party may voluntarily disclose to others without restriction any Document or other information designated by that Party as "Confidential", although a Document or other information loses its confidential status if it is made public. Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, however, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the Document or information.

    12.   **Challenging Other Party's Designation of Information as Confidential.** A Party shall not be obligated to challenge the propriety of any confidential designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto or constitute and admission that such designation was proper. If a Party contends that any material was not entitled to confidential treatment, such party may, at any time, give written notice to the Party or other Person who designated the material as "Confidential" specifying each Document or other information to which the designation is contested. The Parties shall try to dispose of the dispute in good faith on an informal basis by meeting and conferring within ten (10) days of the written notice. If the dispute cannot be resolved, the Party who challenges the designation shall have thirty (30) days from the date the meet and confer concludes to apply to the Court for an order removing the designation of the material as "Confidential." Once a "Confidential" designation is made and unless or until such a designation is removed by order of the Court or in writing by the Designating Party, each Confidential Document and all Confidential Information shall be treated as confidential pursuant to the terms of this Protective

-11-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

Order.  The Party or other Person seeking the order shall have the burden of establishing that the Document or other information is not entitled to protection.

13.   **Designated Information Remains Confidential Barring Certain Conditions and Efforts Required in Case of Unauthorized Disclosure.** Notwithstanding any challenge to the designation of Documents or other information as "Confidential," all Confidential Documents and Confidential Information shall be treated as such and shall be subject to the provisions of this Protective Order unless and until one of the following occurs:

a.   The Designating Party withdraws the "Confidential" designation in writing; or

b.   The Court, upon the motion of a Party challenging the designation, rules that the material is not "Confidential" and that determination has become final by expiration of the time period for which appellate review or intervention must be sought.

If Confidential Documents or Confidential Information is disclosed to any Person other than those entitled to disclosure in the manner authorized by this Protective Order, the Party responsible for the disclosure shall immediately upon learning of such disclosure inform the Designating Party in writing of such disclosure and shall make every effort to prevent further disclosure by the unauthorized Person(s).  Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of Confidential Documents and Confidential Information by Persons that they represent, employ or have retained.

14.   **Return of Confidential Documents and Information.**  At the Termination of this Action, all original Confidential Documents and other material containing Confidential Information shall be returned to counsel of record for the Designating Party.  All notes, lists, memoranda, appendices or other writings that

1   describe or reveal Confidential Documents or Confidential Information, and any

2   copies of the original Confidential Documents or material containing Confidential

3   Information not returned to counsel of record for the Designating Party shall be

4   destroyed.  Upon request of the Designating Party, the Receiving Party shall certify

5   the return and/or destruction of such Documents.  Notwithstanding the foregoing

6   provisions, counsel may retain copies of pleadings, attorney and consultant work

7   product, deposition and trial transcripts and exhibits, as well as one copy of each

8   item designated as a Confidential Document or Confidential Information for

9   archival purposes.

10        15.    **These Provisions of the Order Survive Termination of this Action.**

11  All obligations and duties arising under this Protective Order shall survive the

12  Termination of this Action and, in addition, shall be binding upon the Parties to

13  this action, their successors and assigns (whether in whole or in part), affiliates,

14  subsidiaries, their officers, agents, representatives and employees.

15        16.    **The Court to Retain Jurisdiction.**  This Court shall retain

16  jurisdiction ~~indefinitely with respect to any dispute regarding the improper use of~~    (AGR)

17  ~~Confidential Documents or Information,~~ to modify the terms of this Protective

18  Order, or to enter further Orders respecting Confidential Documents or

19  Information, as may be necessary.

20        17.    **Use of Confidential Information at Trial.**  Neither the provisions of

21  this Protective Order, nor the filing of any material under seal, shall prevent the

22  use in open court, at any hearing, or at trial of this case of any material that is

23  subject to this Protective Order, or filed under seal pursuant to its provisions.  At

24  trial, or at a hearing, the Designating Party must request that the portion of the

25  proceeding where use of Confidential Documents or Confidential Information is

26  made be conducted so as to exclude Persons not qualified to receive such

27  Confidential Documents or Confidential Information.  Upon request of a Party,

28

-13-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

1  the Parties shall meet and confer concerning the use and protection of

2  Confidential Documents or Confidential Information in open court at any hearing.

3  Prior to the Final Pretrial Conference, at the meeting of counsel pursuant to C.D.

4  Local Rule 16-2, the Parties shall meet and confer concerning appropriate

5  methods for dealing with Confidential Documents and Confidential Information

6  at trial.

7      18.    **Designation Pursuant to Stipulated Protective Order Not**

8  **Admissible.**  Unless the Parties stipulate otherwise, evidence of the existence or

9  nonexistence of a designation under this Protective Order shall not be admissible

10  for any purpose during any proceeding on the merits of this Action, including at

11  the trial.

12      19.    **Client Communications.**  Nothing in this Protective Order shall

13  prevent or otherwise restrict counsel from rendering advice to their clients and, in

14  the course of rendering such advice, relying upon the examination of Confidential

15  Documents and Confidential Information.  In rendering such advice and

16  otherwise communicating with the client, however, counsel shall not disclose any

17  Confidential Documents or Confidential Information, except as otherwise

18  permitted by this Protective Order.

19      20.    **No Waiver of Privilege or Work Product.**  Nothing in this

20  Protective Order shall be deemed to waive any applicable privilege or work

21  product protection, or to affect the ability of any Party to seek relief for an

22  inadvertent disclosure of material protected by privilege or work product

23  protection.

24      21.    **Cumulative Remedies.**  The remedies provided by this Protective

25  Order are intended to be cumulative and in addition to any Party's right to seek any

26  further or different protection from the Court for any Document or information

27  deemed to be confidential.  The entry of this Protective Order shall also not be

28

-14-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

construed as a waiver of any objection which may be asserted during the course of this Action, or to require production of any Document or information deemed to be confidential.

22.   **The Terms of this Protective Order Are Available to Others.** Any witness or other Person from which discovery is sought, by subpoena or otherwise, may be informed of and may obtain the protection of this Protective Order by written notice to the Parties' respective counsel or by oral notice at the time of any deposition or similar proceeding.  Upon such notice, a non-party may designate Confidential Documents or Confidential Information in accordance with this Protective Order.  Once designated, such non-party's Confidential Documents and Confidential Information shall be treated in accordance with this Protective Order. Unless otherwise agreed in writing, this Court shall have jurisdiction to entertain and decide any application brought to enforce or interpret the provisions of this Protective Order with respect to the information of any such non-party.  A Designating Party who is served with a Subpoena to any non-party in connection with this Action shall endeavor to provide the non-party under Subpoena with a copy of this Protective Order.

23.   **Amendments to This Order.**  This Protective Order may be amended by further order of the Court either upon agreement and stipulation of the Parties or for good cause on advance notice to the Parties.  This Protective Order is without prejudice to the right of any Party to apply to the Court at any time upon reasonable notice to the other Parties to request that the Court relax or rescind or make more stringent the provisions of this Protective Order.

24.   **Response to Subpoenas.**  In the event that any Person or Party having possession, custody or control of any Documents or other information deemed protected under the terms of this Protective Order receives a subpoena or other process or order to produce such Documents or information from a Person not a

-15-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

1    Party to this Action, such Person or Party shall (a) give notice by hand or
2    overnight/express mail within three (3) business days of such subpoena or other
3    process, and in any event, not less than seven (7) days prior to the return date of the
4    subpoena or other process to counsel for the Designating Party, (b) furnish such
5    counsel with a copy of said subpoena or other process or Court order and (c)
6    refrain from producing any such protected material in response to such a subpoena
7    or process until the earlier of (i) receipt of written notice from the Designating
8    Party that such party does not object to the production of the protected material;
9    (ii) resolution of any objection asserted by the Designating Party either by
10   agreement or by final order of the Court with jurisdiction over the objection of the
11   Designating Party; or (iii) the response date to the subpoena or other process,
12   including any Court-ordered extension or stay of such response date.  The Person
13   or Party receiving the subpoena or other process or order shall be entitled to
14   comply with it except to the extent that the Designating Party is successful in
15   obtaining a Court order staying, modifying or quashing the subpoena or other
16   process or order.  The burden of opposing the enforcement of the subpoena,
17   process or order shall fall solely upon the Designating Party.  Nothing herein shall
18   be construed as requiring the Receiving Party or any other person subject to this
19   Order to challenge or appeal any order directing production of material covered by
20   this Protective Order, or to subject himself, herself or itself to any penalties for
21   non-compliance with a legal process or order.

22        IT IS SO ORDERED.
23

24   Dated: _February 22, 2010_
25

26   _Alicia G. Rosenberg_
27   ~~The Honorable John F. Walter~~
28   ~~United States District Judge~~
     **ALICIA G. ROSENBERG**
     -16- **UNITED STATES MAGISTRATE JUDGE**

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

1

2   Presented by:

3
    KRALIK & JACOBS LLP
4   Lois Moonitz Jacobs
5   Anastasia E. Bessey

6   By:   /s/ Anastasia E. Bessey
7           Anastasia E. Bessey
        Attorneys for Plaintiff Federal Deposit Insurance
8       Corporation, as Receiver for IndyMac Bank, F.S.B.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS
AND INFORMATION

## CERTIFICATION

I hereby certify my understanding that Confidential Documents or Information is/are being provided to me pursuant to the terms and restrictions of the Protective Order dated _____ (the "Order") in the case of Federal Deposit Insurance Corporation as Receiver of IndyMac Bank, F.S.B., Plaintiff, vs. M&M Appraisals, et al., Defendants, U.S. District Court, Central District of California Case No. CV09-3678 JFW (AGRx). I understand that capitalized terms in this Certification are defined as set forth in the Order. I have been given a copy of the Order and have read it. I agree to be bound by the Order. I will maintain all such Confidential Documents or Information, including copies, notes, memoranda, transcripts, indexes or compilations made therefrom, in a secure manner to prevent unauthorized access to it. I understand that unauthorized disclosures of the Confidential Documents or Information constitute a contempt of court.

No later than thirty (30) days after the Termination of the Action, I will return the Confidential Documents or Information, including copies, notes, memoranda, transcripts, indexes or compilations made therefrom, to the attorney who provided me with the Confidential Documents or Information. To the extent all such documents, including the Confidential Documents or Information, copies thereof, and notes, memoranda, transcripts, indexes or compilations made therefrom are not returned, they shall be destroyed. I am prepared, upon request, to certify the return and/or destruction of all such Documents.

I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the Order, including this Certification.

Dated: _____        Signature: _____

                                       Printed Name: _____

-18-

[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION